IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEATHAN RENFROW,

                Petitioner,

      vs.

J. A. YATES, Warden, Pleasant Valley
State Prison,

              Respondent.

No. 2:09-cv-02292-JKS

MEMORANDUM DECISION

Leathan Renfrow, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Renfrow is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Pleasant Valley State Prison. Respondent has answered.  Renfrow has not replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

In December 2002 Renfrow entered a negotiated plea in the Placer County Superior Court of no contest to assault by means likely to produce great bodily injury and admitted a great bodily injury ("GBI") enhancement under California Penal Code §§ 245(a)(1) and 12022.7.  The trial court suspended imposition of sentence and placed Renfrow on formal probation.  Renfrow did not appeal his conviction or sentence.

In May 2004, after Renfrow admitted violating a condition of probation, the trial court revoked probation, imposed the middle term of three years for the felony assault conviction, suspended execution of that sentence, and reinstated him on formal probation.  The trial court did

not mention the GBI enhancement.  In December 2004 Renfrow admitted violating another

condition of probation by possessing a controlled substance.  The prosecutor agreed to a five-year

disposition, low term [for the felony assault conviction] plus three years [for the GBI

enhancement], for Renfrow's acknowledgment of guilt in this violation of probation.  The trial

court revoked probation, declined Renfrow's request to strike the GBI enhancement, and ordered

the execution of an aggregate term of five years (two years for felony assault and three years for

the enhancement).  Renfrow timely appealed that decision and on October 26, 2005, the

California Court of Appeal, Third District, affirmed in an unpublished decision.[1]

Renfrow subsequently filed a petition for writ of habeas corpus in the Placer County

Superior Court, claiming the term of five years was an unlawful increase in the sentence that had

been previously imposed and suspended.[2]  The superior court held that the trial court had no

jurisdiction to change the sentence of three years imposed and suspended after Renfrow's last

violation of probation, and that defense counsel was ineffective for failing to object to the five-

year term.  The superior court granted the petition for writ of habeas corpus, deemed the GBI

enhancement to have been stricken, and ordered the clerk to prepare an amended abstract of

judgment showing the correct sentence to be the imposition of the middle term of three years on

Count One for violation of Penal Code § 245(a)(1).  On appeal, the California Court of Appeal,

Third District, reversed and remanded the matter to the Superior Court with directions to deny

---

[1] *People v. Renfrow*, No. C048559, 2005 WL 2767089 (Cal. Ct. App. Oct. 26, 2005) ("*Renfrow I.*")

[2] The date that Renfrow filed his habeas petition in the Placer County Superior Court does not appear in the record before this Court.  Respondent does not, however, raise a defense that the Petition in untimely.  Therefore, this omission is of no consequence to the determination of the Petition.

the writ.[3]  The California Supreme Court summarily denied review on October 23, 2008.  On

June 8, 2009, Renfrow filed a petition for habeas relief in the California Supreme Court, which

was summarily denied on July 8, 2009.  Renfrow timely filed his Petition for relief in this Court

on August 3, 2009.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Renfrow raises two grounds:[4]  (1) the trial court's correction of the

sentence, i.e., adding back in the GBI enhancement, violated his federal right of due process;[5] and

(2) counsel was ineffective for failing to raise this issue on appeal.[6]  Respondent does not assert

any affirmative defense.[7]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" at the time the state court renders its decision or "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[3] *In re Renfrow*, 79 Cal. Rptr. 3d 898 (Cal. Ct. App. 2008) ("*Renfrow II*").

[4] The grounds raised relate solely to matters occurring in *Renfrow II*.

[5] Although Renfrow refers to the trial court, the trial court did so on remand from the Court of Appeal.  Consequently, Renfrow is actually challenging the decision of the Court of Appeal in *Renfrow II*.  Consequently, this Court will address the decision of the Court of Appeal.

[6] Renfrow raised these grounds *verbatim* in his June 2008 habeas petition to the California Supreme Court.  Because, as explained more fully below in Part III, the California Supreme Court summarily denied relief, this Court will treat the decision as having been on the merits and review Renfrow's claims de novo.

[7] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

proceeding."[8]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[9]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[10]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[11]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[12]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[13]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[8] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[9] *Williams*, 529 U.S. at 412 (alteration added).

[10] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[11] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[12] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[13] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

4

the trial with unfairness as to make the resulting conviction a denial of due process.'"[14]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[15]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[16]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[17]

---

[14] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[15] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[16] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[17] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[18]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[19]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[20]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[21]  This is considered as the functional equivalent of the appeal process.[22]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

---

[18] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[19] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[20] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[21] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[22] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

by clear and convincing evidence.[23]  This presumption applies to state-trial courts and appellate

courts alike.[24]

A state court is not required to give reasons before its decision can be deemed to be

"adjudicated on the merits."[25]  When there is no reasoned state-court decision denying an issue

presented to the state, "it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary."[26]

"The presumption may be overcome when there is reason to think some other explanation for the

state court's decision is more likely."[27]  Where the presumption applies, this Court must perform

an independent review of the record to ascertain whether the state-court decision was

"objectively unreasonable."[28]  In conducting an independent review of the record, this Court

presumes that the relevant state-court decision rested on federal grounds,[29] giving that presumed

---

[23] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[24] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

[25] *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

[26] *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[27] *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[28] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).

[29] *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991) ("The presumption at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision."); *see also Harris*, 489 U.S. at 263.

decision the same deference as a reasoned decision.[30]   The scope of this review is for clear error

of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state
> court's decision, we can view it through the "objectively reasonable" lens ground by
> *Williams*. . . . Federal habeas review is not *de novo* when the state court does not
> supply reasoning for its decision, but an independent review of the record is required
> to determine whether the state court clearly erred in its application of controlling
> federal law.  Only by that examination may we determine whether the state court's
> decision was objectively reasonable.[31]

"[A]lthough we independently review the record, we still defer to the state court's ultimate

decision."[32]

## IV.  DISCUSSION

Ground 1:  Correction of Sentence

When Renfrow was initially sentenced, the trial court included a sentence on the GBI

enhancement.  In his first probation violation proceeding, the trial court mistakenly omitted the

GBI enhancement.  In the second probation violation proceeding the trial court corrected the

earlier error and sentenced Renfrow on both the primary assault conviction and the GBI

enhancement.  Renfrow contends that, in correcting the sentence, the state court impermissibly

increased his sentence in violation of due process.  Although the state trial court agreed with

---

[30] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was
not entitled to § 2254(d) deference).

[31] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (citation omitted).
*But cf. Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) ("Our standard of review is not
controlled by *Delgado v. Lewis* . . . . There, we held that where a state court provides no rational
for a decision, a habeas court does not apply de novo review, but instead determines whether the
state decision was objectively unreasonable based on its independent reading of the record.  Here,
however, the state court was not silent as to its reasoning . . . .  Therefore, we review de novo
whether Lewis waived his right to conflict free counsel . . . .").

[32] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

Renfrow in his state court habeas petition, the State argued on appeal that "the trial court's failure to have imposed or dismissed the GBI enhancement when it suspended execution of sentence and reinstated probation 'resulted in an unauthorized sentence which was properly corrected by the trial court at a later date.'"[33]   The Court of Appeal agreed, holding:

> The error in this case began when, in May 2004, the trial court imposed sentence, suspended its execution, and reinstated probation.  The problem is the court imposed sentence only on [Renfrow's] felony assault conviction and neglected to address the GBI enhancement that he had admitted.  "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction even if the correction results in a harsher punishment."  [Citations omitted]
> The trial court corrected its error when, in December 2004, it revoked probation, declined to strike the GBI enhancement, and ordered execution of sentence for both the felony assault conviction and the enhancement.
> In granting [Renfrow's] petition for writ of habeas corpus, the superior court (habeas corpus court) held that the trial court's correction of its earlier sentencing error was error itself.  This was so, the habeas corpus court concluded, because "[u]nder the authority of *People versus Howard [supra,* 16 Cal.4th at p. 1088, 68 Cal.Rptr.2d 870, 946 P.2d 828], the [trial court] only could have ordered into execution the three-year suspended prison term."  Thus, the habeas corpus court deemed the GBI enhancement to have "been stricken," and ordered into effect the middle term of three years previously imposed but suspended for the felony assault conviction.
> As we will explain, it is the habeas corpus court that got it wrong.
> In order to strike an enhancement "in the furtherance of justice" (§ 1385, subd. (c)(1)), a trial court must set forth, on the record, its reasons for doing so. (§ 1385, subds. (a), (c)(1); *People v. Orin* (1975) 13 Cal.3d 937, 944–945, 120 Cal.Rptr. 65, 533 P.2d 193.)  That did not occur in this case when, in May 2004, the trial court granted defendant probation after imposing sentence, suspending execution thereof, but neglecting to address the GBI enhancement.  Thus, the habeas corpus court erred in deeming the GBI enhancement to have been stricken.
> Citing mitigating circumstances, [Renfrow] argues the record "indicates a clear intention by the [trial court] to exercise leniency" by not imposing the GBI enhancement.  This not only would run afoul of section 1385, subdivisions (a) and (c)(1), the People correctly respond that the record does not support [Renfrow's] claim.  As the People point out, it is likely that the trial court "simply overlooked" the GBI enhancement.

---

[33] *Renfrow II*, 79 Cal. Rptr. 3d at 900.

9

The habeas corpus court also erred in ruling that *People v. Howard, supra,* 16 Cal.4th at p. 1088, 68 Cal.Rptr.2d 870, 946 P.2d 828 (hereafter *Howard* ) required the trial court to order execution of only the three-year middle term it had imposed but suspended during probation.

*Howard* held that "section 1203.2, subdivision (c), and [former] rule 435(b)(2) [of the California Rules of Court (now rule 4.435(b)(2)) ], by their terms, limit the court's power in situations in which the court chose to impose sentence but suspended its execution pending a term of probation. On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations], subject to its possible recall under section 1170, subdivision (d), *after* defendant has been committed to custody."

However, *Howard*—and the statute and rule of court upon which it relied—governs a *lawful sentence* imposed and suspended pending the completion of probation. It did not address an unauthorized sentence that was imposed but suspended. Therefore, contrary to the habeas corpus court's ruling, *Howard* is not controlling because an appellate decision is authority "only 'for the points actually involved and actually decided.' [Citations.]" [Citation omitted]

Long before *Howard,* the California Supreme Court held that an unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." [Citations omitted.] Indeed, "the prosecution may raise for the first time on appeal or in connection with a defendant's habeas corpus petition the question of whether a sentence was unauthorized by law." [Citation omitted]

Because "an unauthorized sentence" is "subject to judicial correction when it ultimately [comes] to the attention of the trial court or [reviewing] court [citation omitted], the trial court in this case acted properly in December 2004 by correcting its earlier unauthorized sentence that had failed to impose or strike the GBI enhancement. (Cf. *In re Robinson* (1956) 142 Cal.App.2d 484, 485–486, 298 P.2d 656 [execution of an unauthorized sentence of one year in the county jail was suspended during probation; when probation was revoked, the court properly imposed and executed "the only legally proper sentence," a commitment to state prison for the term prescribed by law].)[34]

---

[34] *Renfrow II*, 79 Cal. Rptr. 3d at 900-02.

To the extent that Renfrow raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.[35] It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[36] "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[37]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[38] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[39] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[40] "Federal courts hold no supervisory

---

[35] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

[36] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[37] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *see West v. Am. Tel. & Tel.,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[38] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[39] *Cooke*,131 S. Ct. at 863 (internal quotation marks and citations omitted).

[40] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[41]

The Supreme Court has never held that the correction of a sentence to comport to the requirements of state law violates due process.[42]  Indeed, Supreme Court precedent supports the contrary conclusion.  In this case, the increased sentence was to correct an error necessary to comply with state law, not as a result of vindictiveness.[43]  In the absence of specific Supreme Court authority supporting his claim, Renfrow is not entitled to relief.[44]  Having failed to raise an question of constitutional dimension, Renfrow is not entitled to relief under his first ground.

Ground 2:  Ineffective Assistance of Counsel

Renfrow contends that, in failing to raise his first ground on appeal in *Renfrow II*, appellate counsel's representation was ineffective.  Renfrow raised this claim in his June 2008 petition for habeas relief.  As noted above, because the California Supreme Court summarily

---

[41] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

[42] Renfrow does not contend that the correction of his sentence violated the Double Jeopardy Clause.  Even if he did, it would fail.  The touchstone of double jeopardy is an acquittal, *see Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003), an element that is not present in this case.

[43] *See Chaffin v. Stynchcombe*, 412 U.S. 17, 23 (1973); *North Carolina v. Pearce*, 395 U.S. 711, 719-20 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794 (1989); *see also United States v. Wolf*, 90 F.3d 191, 194-95 (7th Cir. 1996) (applying Federal Rule of Criminal Procedure 35(a), held that a district court properly increased sentence); *United States v. Rourke*, 984 F.2d 1063, 1066-67 (10th Cir. 1992)(sentence increased to correct an inadvertent omission and to comply with the statutory mandate).

[44] *Musladin*, 549 U.S. at 77 (2006); *see Van Patten*, 552 U.S. at 126; *Kessee*, 574 F.3d at 678-79; *Moses*, 555 F.3d at 753-54.

denied Renfrow's petition, this Court presumes that the state court decision rested on federal

grounds,[45] giving the presumed decision the same deference as a reasoned decision.[46]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Renfrow must show

both that his counsel's performance was deficient and that the deficient performance prejudiced

his defense.[47]  A deficient performance is one in which "counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[48]  Renfrow

must show that defense counsel's representation was not within the range of competence

demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for

counsel's ineffectiveness, the result would have been different.[49]  An ineffective assistance of

counsel claim should be denied if the petitioner fails to make a sufficient showing under either

one of the *Strickland* prongs.[50]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's
> determination" under the *Strickland* standard "was incorrect but whether that
> determination was unreasonable—a substantially higher threshold." *Schriro, supra,*
> at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard,
> a state court has even more latitude to reasonably determine that a defendant has not
> satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct.
> 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's specificity.  The more general the rule,

---

[45] *See Thompson*, 501 U.S. at 740; *Harris*, 489 U.S. at 263.

[46] *Richter*, 131 S. Ct. at 784-85.

[47] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[48] *Id*.

[49] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[50] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and
need not address both prongs if the defendant fails on one).

the more leeway courts have in reaching outcomes in case-by-case determinations").[51]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[52]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different from an *incorrect* application of federal law."[53]

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[54]

Because as discussed above, the California courts made clear, correction of a illegal sentence is not only permissible, but required under California law, his first claim lacks merit. The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[55] This Court cannot say that the assumed decision of the California

---

[51] *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009).

[52] *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[53] *Richter*, 131 S. Ct. At 785 (emphasis in the original).

[54] *Id.* at 786.

[55] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

14

Supreme Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[56]  Nor, viewing the matter through the doubly-deferential lens of *Mirzayance-Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Renfrow's case within the scope of *Andrade-Williams-Landrigan-Richter*; i.e., the state court decision was not more than incorrect or erroneous, its application of clearly established federal law was not objectively unreasonable.  Renfrow has failed to establish that his appellate counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*.  In particular, Renfrow has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Renfrow is not entitled to relief under his second ground.

---

[56] 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 402-06; *see also Andrade*, 538 U.S. at 70-75 (explaining this standard).

## V.  CONCLUSION AND ORDER

Renfrow is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[57]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[58]

The Clerk of the Court is to enter judgment accordingly.

Dated:  May 7, 2012.

                                          /s/ James K. Singleton, Jr.
                                          JAMES K. SINGLETON, JR.
                                          United States District Judge

---

[57] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's  resolution of his constitutional claims or that jurists could conclude  the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[58] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

16